NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**IN RE NINTENDO CO., LTD., NINTENDO OF AMERICA INC., BEST BUY PURCHASING, LLC, BEST BUY STORES, L.P., BESTBUY.COM, LLC, BJ'S WHOLESALE CLUB, INC., COMPUSA.COM INC., GAMESTOP CORP., KMART CORPORATION, PC CONNECTION, INC., QVC, INC., RADIOSHACK CORPORATION, SEARS, ROEBUCK AND CO., TARGET CORPORATION, TIGERDIRECT, INC., TOYS "R" US-DELAWARE, INC., AND TRANS WORLD ENTERTAINMENT CORPORATION,**
*Petitioners.*

———————————

Miscellaneous Docket No. 151

———————————

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 11-CV-0496, Judge Leonard Davis.

———————————

## ON PETITION

———————————

Before LOURIE, O'MALLEY, and REYNA, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

## O R D E R

Petitioners Nintendo Co. Ltd., its American subsidiary, and a group of retailers that sell Nintendo's Wii

gaming systems are currently engaged in a complicated patent infringement action in the United States District Court for the Eastern District of Texas. They seek a writ of mandamus directing the district court to: (1) sever infringement claims involving hundreds of Wii games and accessories produced by approximately 35 companies other than Nintendo from those claims against Nintendo; and (2) consider their motion to sever and stay the claims against the retailers from those against Nintendo and to transfer the Nintendo claims to the United States District Court for the Western District of Washington. We grant the petition.

## I. BACKGROUND

In 2005, respondent UltimatePointer, L.L.C., filed a patent application entitled, "Easily deployable interactive direct-pointing system and presentation control system and calibration method therefor," which resulted in two issued patents at the center of this case. The first, U.S. Patent No. 7,746,321 (the '321 patent), was issued to respondent in 2010; and the second, U.S. Patent No. 8,049,729 (the '729 patent), was issued to respondent in November 2011—after this litigation had already commenced.

UltimatePointer filed two complaints in the United States District Court for the Eastern District of Texas. The first complaint alleged that Nintendo Co., Ltd., Nintendo of America, Inc., and several retailers that sell Nintendo products, infringe the '321 patent by "making, using, selling, offering to sell, and/or importing Nintendo Wii systems, games, controllers, sensors and related accessories." The second complaint asserted the same allegations regarding the later issued '729 patent.

Petitioners moved to sever and stay the claims against the retailers, and transfer the case against Nintendo to the United States District Court for the Western District of Washington, arguing that the retailers were

merely peripheral defendants and the majority of witnesses and evidence would be located at Nintendo's headquarters in Seattle, Washington. Citing to its right to do so under Rule 18 of the Federal Rules of Civil Procedure, UltimatePointer asserted in its infringement contentions, and ultimately amended its complaints to include, infringement claims against the retailers based on their sale and offer for sale of hundreds of Wii games and accessories created and manufactured by third party manufacturers. Petitioners filed a second motion to sever, this time seeking to sever all non-Nintendo product claims.

The district court denied all of the motions. The court first concluded that the defendants could permissibly be joined in this case under Rule 20 of the Federal Rules of Civil Procedure and 35 U.S.C. § 299 because UltimatePointer had asserted "at least one common claim of patent infringement against all defendants for the same accused product." Because, in the court's view, the joinder of the retailers and Nintendo was permitted by Rule 20, the district court then held that "Rule 18 [of the Federal Rules of Civil Procedure] explicitly allows for the joinder of as many claims as Plaintiff has against an opposing party." Based on these conclusions, the district court rejected the motion to sever the non-Nintendo claims against the retailers and found the motion to sever the retailers and transfer the case against Nintendo moot. It made these judgments without considering whether the claims added under Rule 18 should be severed, whether those claims should impact the court's assessment of the original motion to sever, or whether the transferee venue was clearly more convenient for trial of the claims against Nintendo.

## II. STANDARD OF REVIEW ON MANDAMUS

The traditional use of mandamus has been "to confine an inferior court to a lawful exercise of its prescribed

jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943). Even under this formulation, however, courts have not confined themselves to any narrow or technical definition of the term "jurisdiction." *See Mallard v. U. S. Dist. Ct.*, 490 U.S. 296, 309 (1989). Mandamus may thus be appropriate in certain cases to further supervisory or instructional goals where issues are unsettled and important. *See In re BP Lubricants, Inc.*, 637 F.3d 1307, 1313 (Fed. Cir. 2011).

In order to ensure that writs of mandamus are restricted to extraordinary situations, the Supreme Court has set forth two conditions that must be satisfied: first, petitioners must show a "clear and indisputable" right to the writ and, second, petitioners must have "no other adequate means to attain the relief . . . desire[d]." *Kerr v. U. S. Dist. Ct.*, 426 U.S. 394, 403 (1976). Once these two prerequisites are met, the court's decision whether to issue the writ is largely one of discretion. *Id.*

## III. DISCUSSION

Petitioners argue that the district court erred when it: (1) denied as moot petitioners' Rule 21 motion to sever the retailers for misjoinder; (2) denied petitioners' request to sever the non-Nintendo product claims, added under Rule 18; and (3) failed to examine whether the litigation against Nintendo should be transferred to the Western District of Washington.

Resolution of this petition involves the interplay between Federal Rules of Civil Procedure 18, 20, and 21, the recently adopted joinder provision of the America Invents Act, 35 U.S.C. § 299, and 28 U.S.C. § 1404(a), the statutory provision applicable to transfer of venue. Because we find that the district court erred in failing to first consider whether the retailer defendants should have been severed and whether transfer was appropriate prior to addressing whether the non-Nintendo claims could be joined under

Rule 18, we grant the petition and remand for further proceedings.

## A.

We begin by taking a closer look at the procedural posture giving rise to the district court's decision denying Petitioners' motion to sever for misjoinder and the district court's application of Rule 18.

As noted, petitioners first moved to sever the claims against the retailer defendants and transfer the case against Nintendo to the Western District of Washington ("First Motion to Sever"). In that motion, petitioners argued that: (1) UltimatePointer's claims identified only Nintendo products; and (2) adjudication of the claims against Nintendo would dispose of the claims against the retailers. In response, UltimatePointer argued that its contentions against the retailers were not limited to Nintendo products. UltimatePointer subsequently served its Preliminary Infringement Contentions ("PICs") accusing Nintendo products as well as non-Nintendo products made by different non-party manufacturers of infringement of the '321 and '729 patents.

Petitioners then filed a motion to sever the non-Nintendo claims against retailer defendants. ("Second Motion to Sever"). Specifically, petitioners asked the district court to sever all allegations involving non-Nintendo products and either dismiss or stay the case against the retailer defendants involving those products.

On September 21, 2012, the district court denied petitioners' First Motion to Sever as moot in light of the Second Motion to Sever. UltimatePointer then amended its complaint to add the non-Nintendo infringement claims against the retailers which, to that point, had only appeared in its PICs and its opposition to petitioner's First Motion to Sever. During this same timeframe,

petitioners sought reconsideration of the court's September 21, 2012 decision, arguing that their First Motion to Sever was not moot because, when the case was initially filed, Nintendo was the single real party in interest, and it was only later that UltimatePointer expanded the scope of the litigation. Petitioners further argued that, by denying their First Motion to Sever as moot, the district court denied without discussion their request to sever the retailer defendants from Nintendo entirely and to transfer the case against Nintendo to the Western District of Washington.

The district court subsequently denied petitioners' Second Motion to Sever. The court concluded that, because the defendants were properly joined in the original complaint, Rule 18 allowed UltimatePointer to join as many claims as it might have against the retailers, including claims totally unrelated to Nintendo or its products. On this premise, the court denied petitioners' request for severance of those new claims. The court also denied the request for reconsideration, doing so, again, without discussion of the merits of petitioners' First Motion to Sever and Transfer.

On appeal, petitioners argue that UltimatePointer should not have been allowed to use Rule 18 as a springboard to add claims involving products by other manufacturers and to use the mere presence of those claims to defeat Nintendo's request that the retailers be severed to facilitate transfer. We agree.

Rule 18—entitled "Joinder of Claims"—provides that "[a] party asserting a claim, counterclaim, or third party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Where, as here, a case involves multiple defendants, a plaintiff may assert a claim under Rule 18 only if the defendants are properly joined in the first instance. *See Intercon Research Assocs. Ltd. v. Dresser*

*Indus., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982) ("[J]oinder of claims under Rule 18 becomes relevant only after the requirements of Rule 20 relating to joinder of parties has been met with respect to the party against whom the claim is sought to be asserted"); *see also generally Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."). Consideration of which *claims* can be asserted under Rule 18 only comes into play once the court has decided which *parties* are properly joined before it, and whether they should remain so joined.

While Rule 18 liberally permits joinder of claims, moreover, it, in fact, "deals only with [the] pleadings." *See* Advisory Committee's 1966 Amendment Notes (hereinafter Advisory Committee's 1966 Note). As the Advisory Committee's 1966 Note explains, "a claim properly joined as a matter of pleading need not be proceeded with together with the other claims if fairness or convenience justifies separate treatment." *See also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (noting that the joinder of claims, parties, and remedies must be "consistent with fairness to the parties"). Accordingly, when determining whether claims permissibly joined should be severed for purposes of seeking transfer and a stay of proceedings, a court should consider whether it would be convenient or fair to keep the matters together. If inconvenience or unfairness is alleged to arise from the claims proceeding together, courts must exercise their discretion to decide whether the claims should be severed under Rule 21.

Rule 21 provides that, "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." The decision to deny a motion to sever is committed to the discretion of the district court. *In re EMC Corp.*, 677 F.3d 1351, 1355 (Fed. Cir. 2012). This discretion is not unbridled, however; it "must

be exercised within the boundaries set by relevant statutes and precedent," and a "district court abuses its discretion if it relies on an erroneous conclusion of law." *Id.* This court generally applies Federal Circuit law, rather than regional circuit law, to the issue of severance. *Id.* at 1354. We may, however, look to the decisions of our sister circuits for guidance. *See id.*

Because Rule 21 does not provide a standard for district courts to apply in deciding whether parties or claims are misjoined, "[w]hen considering a motion to sever under Rule 21, 'courts have looked to Rule 20 for guidance.'" *EMC*, 677 F.3d at 1356 (quoting *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010)). Under Rule 20, which is entitled "Permissive Joinder of Parties," defendants may be joined in a single action only if: (1) the claims against them are "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) a "question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

As the district court noted, effective September 16, 2011, joinder in patent cases is governed by the America Invents Act ("AIA").[1] Under the AIA, "accused infringers may not be joined in one action as defendants . . . based solely on allegations that they each have infringed the patent or patents in suit." 35 U.S.C. § 299(b). Instead, defendants in patent infringement cases may be joined only if:

---

[1]    UltimatePointer's first complaint was filed before September 16, 2011 and later amended; the second complaint was filed after September 16, 2011. For our purposes, however, there is no difference in the analysis as to whether Rule 20 or section 299 governs.

(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and

(2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a). The AIA's joinder provision is more stringent than Rule 20, and adds a requirement that the transaction or occurrence must relate to making, using, or selling of the same accused product or process.

Given the permissive nature of the applicable rules, we have characterized these requirements as necessary, but not sufficient, conditions for joinder. *See EMC*, 677 F.3d at 1355 ("Rule 20's two requirements—that the claims share question[s] of law or fact common to all defendants, and aris[e] out of the same transaction [or] occurrence—help ensure that the scope of the action remains consistent with fairness to the parties." (citations and quotations omitted)). Consistent with that description, we have explained that, "even if a plaintiff's claims arise out of the same transaction and there are questions of law and fact common to all defendants," joinder may still be refused "in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Id.* at 1360 (citing *Acevedo*, 600 F.3d at 521). In reaching the same conclusion, our sister circuits have likewise said that "a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (citation omitted); *see also Intercon*, 696 F.2d at 57-58.

The district court did not assess the propriety of severance or transfer with respect to Nintendo. Nothing in the court's order even suggests that convenience and fairness were considered in reaching its conclusions. Instead, the court simply found that joinder is appropriate because there is at least one common claim of patent infringement against all defendants for the same accused product. Essentially, the court concluded that, because the retailer defendants *can be* joined under Rule 20 and the AIA, they will not be severed. If that were the appropriate test, there could never be misjoinder, and the applicable rules would be rendered meaningless.

The district court then found that, because the defendants can be joined, Rule 18 permits joinder of claims wholly unrelated to the claims in the original complaint. In reaching this decision, the district court failed to conduct any inquiry into whether the claims *should* remain joined for post-pleading purposes. That was error. "Failure to exercise discretion is not exercising discretion; it is making a legal mistake." *Munoz-Pacheco v. Holder*, 673 F.3d 741, 745 (7th Cir. 2012); *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) ("A district court's failure to exercise discretion constitutes an abuse of discretion."); *Faircloth v. Lamb-Grays Harbor Co., Inc.*, 467 F.2d 685, 697 (5th Cir. 1972) ("'[F]ailure to exercise discretion, or an abuse of it, may be corrected.'" (citations omitted)). And, in these circumstances, the failure to conduct a thorough assessment of whether these claims and defendants should *remain* joined is not a mere technicality. In fact, this court has specifically recognized that the joinder of a large number of claims in cases such as this could deprive defendants of "a meaningful opportunity to present individualized defenses on issues such as infringement, willfulness, and damages because each defendant will have limited opportunities to present its own defense to the jury." *EMC*, 677 F.3d at 1355. That concern is perhaps even more compelling here given that the vast

majority of the defendants are retailers who lack technical information regarding the accused products and have no control over the technology employed.

After careful consideration of the applicable rules and statutory provisions, we conclude that any determination as to whether the *claims* involving the non-Nintendo products should remain in this case was premature. Before the court addressed whether UltimatePointer could add claims against the retailer defendants under Rule 18, it first needed to assess whether the case against Nintendo—as it was originally filed—should be severed and transferred. The subsequent addition of new non-Nintendo product claims against the retailer defendants does not factor into this inquiry.

Although Rule 18 permits the joinder of claims, it cannot change the character of the relationship between the original parties for purposes of assessing severance and transfer. And, the district court cannot simply assume that the retailer defendants are properly joined and move directly to a Rule 18 inquiry. If, for example, the court finds that the claims against Nintendo products should be severed and transferred, then there is no reason to look to Rule 18. In other words, resolution of the motion to sever and transfer the case against Nintendo should not be driven by claims that were later added under Rule 18.[2]

We find that the district court first should have addressed Petitioners' First Motion to Sever and transfer the case against Nintendo to the Western District of

---

[2]    Petitioners contend that, if we allow Rule 18 to operate as UltimatePointer believes it can, it would frustrate the policy behind Congress's adoption of section 299 of the AIA. We do not disagree, but we do not rely solely on policy reasons to reach our conclusions.

Washington prior to assessing whether additional claims against the retailer defendants could be asserted under Rule 18. And, the court should have exercised its discretion to determine whether fairness and convenience concerns weigh in favor of severance and transfer, without regard to what Rule 18 might allow should severance and transfer not occur.

A district court may transfer a civil action "[f]or the convenience of parties and witnesses [and] in the interests of justice" to any other district "where it might have been brought." 28 U.S.C. § 1404(a). Rule 21 provides courts with considerable latitude to order severance solely for purposes of facilitating transfer. *See, e.g., Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984), *overruled on other grounds, In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147 (5th Cir. 1987) ("If, however, suit might have been brought against one or more defendants in the court to which transfer is sought, the claims against those defendants may be severed and transferred while the claims against the remaining defendants, for whom transfer would not be proper, are retained in the original court."); *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) ("We believe that where the administration of justice would be materially advanced by severance and transfer, a district court may properly sever the claims against one or more defendants for the purpose of permitting the transfer of the action against the other defendants[.]").

As *Wyndham* suggests, if the law were otherwise, the inclusion of some retailer defendants only peripherally involved in the alleged wrongdoing could prevent a court from following binding precedent that requires transfer to a more convenient venue for trial. 398 F.2d at 619*; see also In re Radmax Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) ("A motion to transfer venue pursuant to § 1404(a) should be granted if 'the movant demonstrates that the transferee venue is clearly more convenient . . . .'"); *In re Nintendo*

*Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) ("This court has held and holds again in this instance that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer.").

Because it based its rulings solely on whether joinder was permissible under Rule 20 and 18, the district court never analyzed whether this litigation has any meaningful connection to the Eastern District of Texas. In fact, the court never even mentions § 1404(a) in its order. This approach to the motions before the court is contrary to the principle that a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case. Indeed, this court has specifically recognized "the importance of addressing motions to transfer at the outset of litigation." *In re EMC Corp.*, 501 Fed. Appx. 973, 975-76 (Fed. Cir. 2013); *see also In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) ("[The] motion [to transfer] should have taken a top priority in the handling of this case by the . . . District Court."); *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970) ("Judicial economy requires that [a] district court should not burden itself with the merits of the action until it is decided [whether] a transfer should be effected" and thus "it is not proper to postpone consideration of the application for transfer under § 1404(a) until discovery on the merits is completed.").

There are also practical reasons why a different order of proceedings should have been followed here. In all likelihood, the retailers will have very little to offer in the way of evidence regarding the substantive aspects of the infringement case. They can add little to nothing regarding how the technology underlying the accused products works. Indeed, we and other courts have all but said as much in the analogous context of the "customer suit exception," which endorses staying a case against a cus-

tomer or retailer in light of the notion that the manufac-turer is the "true defendant." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990); *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977).

Meanwhile, in the absence of considering the conven-ience factors, Nintendo contends that many of the wit-nesses in this case will be forced to undergo significant travel costs and time away from work and home to testify in the Eastern District of Texas. Thus, to the extent that severing the parties, staying the cases against the retail-ers, and transferring the case against Nintendo could "prevent the waste 'of time, energy and money'" and "'protect litigants, witnesses and the public against un-necessary inconvenience and expense[,]'" we think peti-tioners' First Motion to Sever and transfer must be given serious consideration. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation omitted). For these reasons, we conclude that the district court erred by not beginning its analysis by addressing whether the parties should have been severed for purposes of facilitating transfer of venue; that motion was certainly not "mooted" as the trial court concluded.

If, moreover, after further proceedings, the district court finds that the parties should remain joined and the action against Nintendo should proceed in the Eastern District of Texas, the court must additionally consider whether fairness and convenience nonetheless warrant severance of the non-Nintendo product claims. The fact that Rule 18 *permits* the joinder of certain claims does not answer the question of how those claims should be adjudi-cated. Again, fairness and efficiency must guide that inquiry.

## B.

Because we find that the district court erred, we agree with petitioners that the writ should issue here.

In *Hudson v. Parker*, 156 U.S. 277 (1895), the Supreme Court granted a writ in circumstances roughly analogous to these. In *Hudson*, the petitioner sought a writ of mandamus to compel the district court to approve his request to be released on bond pending the outcome of the appeal. *Id.* at 277-78. The issue before the Supreme Court was whether the writ could be used to compel the trial judge to take action. Agreeing with the petitioner, the Supreme Court held that the writ of mandamus may issue where the district court judge "declines to exercise his discretion, or to act at all, when it is his duty to do so . . ." *Id.* at 288.

As in *Hudson*, here the district court had an obligation to exercise its discretion to decide whether the action against the retailer defendants should be severed from the claims against Nintendo for purposes of fairness and convenience and, if not, whether any additional claims asserted under Rule 18 should themselves be severed from the Nintendo product claims. By improperly refusing to exercise that discretion, the district court effectively deprived petitioners of any meaningful review of the questions its motions posed. This case is thus similar to *EMC*, where we granted mandamus directing the lower court to apply the proper standard to a motion to sever and transfer. 677 F.3d at 1360. Like the defendants in *EMC*, petitioners would similarly "be unable to demonstrate 'that it would have won the case had it been tried in a convenient [venue].'" *Id.* at 1355 (citation omitted).

We are not unsympathetic to the fact that it is sometimes difficult to sort out the interaction between the various procedural rules which govern joinder and venue. We also recognize that the parties did not make the district court's task easy (purporting to assert new "claims" in PICs, rather than in a duly filed complaint, moving to "sever" those assertions before there was really anything to sever, and filing confusing briefs and responses thereto). Those realities do not excuse the district

IN RE NINTENDO CO., LTD.

court's failure to exercise its discretion to consider the severance and transfer motions before it, however.

Accordingly,

IT IS ORDERED THAT:

The petition is granted to the extent that the district court's March 27, 2013 order is vacated and the district court is directed to conduct further proceedings as provided herein.